UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOL DAVID VECCHIO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01502 |
| ) | Judge Aleta A. Trauger |
| PATRICIA TAYLOR et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM**

Plaintiff Sol David Vecchio, along with other incarcerated individuals, has filed a Complaint in this court asserting claims against numerous defendants. Because the plaintiff proceeds *in forma pauperis*, the court must conduct an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the Complaint will be dismissed.

**I.  Initial-Review Screening Standards**

By law, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Discussion

The Complaint alleges, very generally, that officers of the Murfreesboro Police Department and others involved with the court system regularly engage in "bond pumping" by adding numerous "frivolous, false, or otherwise unsupportable charges" to other charges (Compl. at 3), making the cost of paying the bond prohibitive, and that they regularly engage in the practice of offering "time served" pleas to individuals (*id.*), regardless of whether there is sufficient evidence to prove the charges against them. The Complaint does not allege any specific instances of misconduct by any defendant against any plaintiff.

Although the Complaint does not expressly identify the basis for this court's jurisdiction or invoke 42 U.S.C. § 1983, that statute provides essentially the "only realistic avenue for vindication of constitutional guarantees," *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 900 (6th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982)), as well as the only

potential basis for federal jurisdiction. The court therefore construes the Complaint as brought under 42 U.S.C. § 1983.

Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

To establish the liability of any individual defendant, the Complaint must allege facts showing that that particular defendant was personally involved in the activities giving rise to Plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Calhoun Cnty.*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991))). In addition, to establish standing to bring any claims in this court, the plaintiff must show that the conduct of which he complains has caused him to personally suffer an "injury in fact" that a favorable judgment will redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992).

The matters addressed in the Complaint are not trivial or frivolous and have, in fact, been recognized nationally as socially problematic. *See, e.g.*, Emily Yoffe, *Innocence Is Irrelevant*, The Atlantic, Sept. 2017 (https://www.theatlantic.com/magazine/archive/2017/09/innocence-is-irrelevant/534171/); Mitch Ryals, *The Price of Freedom*, Inlander, Sept. 9, 2015

(https://www.inlander.com/spokane/the-price-of-freedom/Content?oid=2557671). That does not mean, however, that the Complaint states colorable claims under § 1983. The Complaint in this case does not contain any specific allegations of any instance in which any particular defendant violated the rights of any particular plaintiff. On that basis alone, the Court finds that the Complaint fails to state a claim for which relief may be granted.

In addition, the court also observes that, although numerous individual plaintiffs other than Vecchio signed the pleading, they did not submit Applications to Proceed Without Prepaying Fees or Costs or any portion of the filing fee. Although the court will grant Vecchio leave to proceed *in forma pauperis*, and will not assess any portion of the fee against the incarcerated plaintiffs, this also means that these plaintiffs cannot be permitted to pursue this particular action.

And finally, insofar as Vecchio, who is no longer incarcerated, seeks to represent or act on behalf of other individuals who remain incarcerated, the law does not permit him to do so. He does not have standing to assert claims based on a violation of another person's legal rights and interests, but instead must rely on an injury to his own legal interests. *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Allstate Insurance Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985). Further, by law, an individual may appear in federal court only *pro se* or through legal counsel. 28 U.S.C. § 1654. A *pro se* litigant who is not a licensed attorney cannot appear on behalf of or represent other individuals. *Kibbe v. Bush*, 28 F. App'x 432, 434 (6th Cir. 2002).

**IV.  Conclusion**

For the reasons stated herein, the Complaint will be dismissed in its entirety for failure to

state a claim for which relief may be granted. All other pending motions will be denied as moot.

An appropriate Order is filed herewith.

ENTER this 20th day of February 2018.

ALETA A. TRAUGER
United States District Judge